**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

JUDE P. THOMAS,                :
                                              Civil Action No. 04-4077 (RBK)
       Petitioner,    :

      v.              :           **OPINION**

WARDEN DEROSA,                 :

       Respondent.    :

                             :

**APPEARANCES:**

    JUDE P. THOMAS, Petitioner <u>pro se</u>
    #37992-004
    FCI Fort Dix, West
    P.O. Box 7000
    Fort Dix, New Jersey 08640

**KUGLER, DISTRICT JUDGE**

    Petitioner Jude Thomas, currently confined at the Federal Correctional Institution at Fort Dix, New Jersey ("FCI Fort Dix"), has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241.[1]  Respondent is warden DeRosa of FCI Fort Dix.  (Petition, Caption.)

---

[1] Section 2241 provides in relevant part:
(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

For the reasons stated herein, the claim for relief will be denied and the Petition will be dismissed.

## I.   BACKGROUND

Petitioner is currently serving a sentence of 17 years imprisonment.  (Petition; Answer, Procedural Background.) Petitioner contends that the Bureau of Prisons' (BOP) interpretation of 18 U.S.C. § 3624(b)(1) is contrary to the unambiguous intent of Congress and is depriving him of good time credits that should be awarded under the statute.  He contends that additional good time credits (totaling 119 days) should be awarded by the Federal Bureau of Prisons ("BOP") based on the total term of imprisonment imposed in sentencing (918 days), rather than on an annual incremental basis for time served (799 days).

## II.   ANALYSIS

Respecting Petitioner's claim, 18 U.S.C. § 3624(b)provides:

> Subject to paragraph (2), a prisoner who is serving a term of imprisonment of more than 1 year other than a term of imprisonment for the duration of the prisoner's life, may receive credit toward the service of the prisoner's sentence, beyond the time served, of up to 54 days at the end of each year of the prisoner's term of imprisonment, beginning at the end of the first year of the term, subject to determination by the Bureau of Prisons that, during that year, the prisoner has displayed exemplary compliance with institutional disciplinary regulations...  Credit that has not been earned may not later be granted.  Subject

>to paragraph (2), credit for the last year or portion
>of a year of the term of imprisonment shall
>be prorated and credited within the last six weeks
>of the sentence." 18 U.S.C. § 3624(b)(1).
>Subparagraph (b)(2) provides that credits
>awarded after the date of enactment (April 26, 1996)
>of the Prison Litigation Reform Act (Title VII of
>Pub. L. 104-134) "shall vest on the date the
>prisoner is released from custody." 18 U.S.C.
>§ 3624(b)(2).

The Bureau of Prisons has codified its interpretation of former and current § 3624(b) at 28 C.F.R. § 523.20.

>(a) When considering good conduct time for an inmate
>serving a sentence for an offense committed on or after
>April 26, 1996, the Bureau shall award:
>
>(1) 54 days credit <u>for each year served</u> (prorated when
>the time served by the inmate for the sentence during
>the year is less than a full year) if the inmate has
>earned or is making satisfactory progress toward
>earning a GED credential or high school diploma; or ...

This interpretation is implemented through BOP Program Statement ("P.S.") 5880.28 (emphasis added). <u>See also</u> P.S. 5884.01, <u>Good Conduct Time Under the Prison Litigation Reform Act</u>. The Bureau of Prisons has determined that "54 days of GCT [("good conduct time")] may be earned for each full year <u>served</u> on a sentence in excess of one year," P.S. 5880.28(g) (emphasis added), and has derived a formula to calculate the amount of GCT that may be earned for any fractional year served on a sentence in excess of one year:

>For release purposes, subsection 3624(b) is the
>most important provision in the computation
>process since the proper application of that

3

>subsection determines the actual statutory date of release for the prisoner.  The release date is determined, of course, by subtracting the total amount of GCT awarded during the term of the sentence from the full time date of the sentence.  The <u>total</u> amount of GCT awarded during the term of a sentence is found by adding the amount of GCT awarded at the end of each year to the amount of GCT awarded for the last portion of a year.
>
>As noted in (1) above, 54 days of GCT may be awarded for each full year <u>served</u> on a sentence in excess of one year.  Since 54 days of GCT per year cannot be divided evenly into one year, or 12 months, or 52 weeks, or 365 days, determining the amount of GCT that may be awarded for the last portion of a year on the sentence becomes arithmetically complicated.  The BOP has developed a formula (hereinafter called the "GCT formula") that best conforms to the statute when calculating the maximum number of days that may be awarded for the time served during the last portion of a year on the sentence.
>
>The GCT formula is based on dividing 54 days (the maximum number of days that can be awarded for one year in service of a sentence) into one day which results in the portion of one day of GCT that may be awarded for one day served on a sentence.  [Three-Hundred Sixty Five] days divided into 54 days equals .<u>148</u>.  Since .148 is less than one full day, no GCT can be awarded for one day served on the sentence.  Two days of service on a sentence equals .296 (2 x .148) or zero days GCT; ... seven days equals 1.036 (7 x .148) or <u>1</u> day GCT.  The fraction is always dropped.
>
>...
>
>    <u>It is essential to learn that GCT is not awarded on the basis of the length of the sentence imposed, but rather on the number of days actually served.</u>  In other words, when the GCT awarded plus the number of days actually served equals the days remaining on the sentence, then the prisoner shall be released on the date arrived at in the computation process.  (days remaining on sentence - (GCT + days served) = release date)...

4

P.S. 5880.28(g), <u>Sentence Computation Manual CCCA</u>, at 1-40 through 1-45 (emphasis added).

In <u>O'Donald v. Johns</u>, 402 F.3d 172 (3d Cir. 2005), the Third Circuit deferred to the BOP's reasonable interpretation of the statute.  <u>See also</u> <u>Ogrod v. Bureau of Prisons</u>, 2005 WL 900216 (3rd Cir. April 18, 2005) (deferring to BOP's interpretation of the statute, citing 19<u>O'Donald</u>).[2]

---

[2]   As noted in <u>Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.</u>, 467 U.S. 837, 842-43 (1984):

> When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions.  First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter; for the courts, as well as the agency, must give effect to the unambiguously expressed intent of Congress.  If, however, the court determines Congress has not directly addressed the precise question at issue, the court does not simply impose its own construction on the statute, as would be necessary in the absence of an administrative interpretation.  Rather, if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute.

<u>See also</u> <u>Loeffler v. Bureau of Prisons</u>, 2004 WL 2417805, *6 (S.D.N.Y. Oct. 29, 2004) (BOP's construction of § 3624(b) was not arbitrary, capricious, or manifestly contrary to the statute; upholding BOP interpretation).

5

The O'Donald court also rejected the prisoner's suggestion that his interpretation of the statute should be preferred because of the rule of lenity.  O'Donald v. Johns, supra at 174 (rule of lenity inapplicable where, as here, a court can otherwise resolve the ambiguity of the statute).

### III.   CONCLUSION

For the reasons set forth above, and based upon the BOP's permissible interpretation of the statute, Petitioner's claim for relief will be denied and the Petition will be dismissed.

An appropriate order accompanies this Opinion.

S/Robert B. Kugler
**ROBERT B. KUGLER**
**UNITED STATES DISTRICT JUDGE**

**DATED:  May 12, 2005**